Winardy v. Holder

BIA
Torreh-Bayouth, IJ
A96 429 516

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

HENDRI WINARDY,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent*.

08-0681-ag
NAC

_____

FOR PETITIONER:       Hendri Winardy, *pro se*, Corona, New York.

_____

[1]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:    Gregory G. Katsas, Assistant
Attorney General; Carol Federighi,
Senior Litigation Counsel; Yamileth
G. Handuber, Trial Attorney, Office
of Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hendri Winardy, a native and citizen of Indonesia, seeks review of a January 14, 2008 order of the BIA affirming the May 17, 2006 decision of Immigration Judge ("IJ") Lilliana Torreh-Bayouth, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hendri Winardy*, No. A96 429 516 (B.I.A. Jan. 14, 2008), *aff'g* No. A96 429 516 (Immig. Ct. Miami May 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Winardy does not challenge the IJ's finding that his application for asylum was untimely pursuant to 8 U.S.C. § 1158(a)(2)(B). We also note that several of the arguments raised by Winardy on appeal were raised before the IJ, but not the BIA. Thus,

2

the BIA did not address those arguments, nor did it expressly adopt the IJ's conclusions on those points.  In such a circumstance, we may consider both the IJ's and the BIA's opinions, because to do so does not affect our ultimate conclusion.  *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006).  We review the agency's factual findings under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B).  We review *de novo* questions of law and the application of law to undisputed fact.  *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  In this case, we find that the agency did not err in denying Winardy's application for withholding of removal and CAT relief where he failed to demonstrate past persecution or a likelihood of harm if removed to Indonesia.

Persecution is defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985), including non-life-threatening violence and physical abuse.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (citing *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d. Cir. 2004)).  In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment."

3

*Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

In this case, the agency did not err in finding that Winardy failed to demonstrate that he suffered past persecution where he testified that the only physical harm he suffered in Indonesia occurred during scuffles with fellow school children. *See id.* Additionally, the agency reasonably noted that Winardy failed to provide details regarding the harm he suffered as a result of the purported destruction of his business during riots in 1995. *See Xiu Fen Xia v. Mukasey*, 510 F.3d 162, 167 (2d Cir. 2007). Moreover, the agency reasonably determined that Winardy failed to establish that he personally suffered persecution based on the harm inflicted on his family members. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). We decline to consider Winardy's assertion that Islamic militants in Indonesia hit him on the head with a gun in 1982 on account of his Chinese ethnicity and Buddhist faith where he did not assert this alleged incident to the agency. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that the Court must "decide the petition [for review] only on the administrative record on which the order of removal is based").

4

Ultimately, even considering in the aggregate the alleged incidents of harm that Winardy purportedly suffered, his experience was insufficiently severe to compel a reasonable fact-finder to conclude, contrary to the agency, that he suffered past persecution. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Ivanishvili*, 433 F.3d at 340-41.

As Winardy did not demonstrate that he suffered past persecution, he was not entitled to the presumption of a likelihood of future harm. *See* 8 C.F.R. § 1208.13(b)(1). Nor did he demonstrate a likelihood that he would suffer harm if removed to Indonesia. Indeed, Winardy's only testimony as to his fear of future harm was that there was no guarantee for his safety. Moreover, the IJ reasonably relied on the 2005 U.S. Department of State Country Report on Human Rights Practices in Indonesia to conclude that Winardy failed to establish a likelihood of harm on account of his Chinese ethnicity or religion, where the report does not indicate that the discrimination against ethnic Chinese individuals rises to the level of persecution and discusses only isolated incidents of religious violence. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

Thus, as the agency's finding that Winardy failed to establish past persecution or a likelihood of future harm was supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B), it reasonably denied his application for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution and the factual predicate for the claims is the same).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk